UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELIZABETH D. PORTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-2121 (PLF/DAR) |
| STEPHEN L. JOHNSON, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's Local Rule 72.2 objections to Magistrate Judge Robinson's Order of March 18, 2008, defendant's opposition thereto, and plaintiff's reply. Pursuant to Local Civil Rule 72.2(c), "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." Plaintiff objects to the portion of the magistrate judge's ruling that awarded plaintiff $10,000 in sanctions. Plaintiff instead requests that she be awarded the full amount of attorneys' fees and costs incurred as a result defendant's failure to comply with the Court's previous discovery orders at issue in the motion to compel granted on March 18, 2008.

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure provides:

Instead of or in addition to the orders above [relating to sanctions that *may* be imposed], the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). This section "places the burden on the disobedient

party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust.  Allocating the burden in this way conforms to the changed provisions as to expenses in Rule 37(a), and is particularly appropriate when a court order is disobeyed."  Fed. R. Civ. P. 37 advisory committee's note; see also Metrocorps, Inc. v. Eastern Massachusetts Junior Drum and Bugle Corps Ass'n, 912 F.2d 1, 2 (1st Cir. 1990).  Generally, the "proper method of awarding attorneys' fees for a violation of Rule 37 is the lodestar method, in which the court multiplies a reasonable hourly rate by a reasonable number of hours expended." Cobell v. Norton, 231 F. Supp. 2d 295, 300 (D.D.C. 2002) (citing cases).

       The Court has carefully reviewed the transcript of the hearing before the magistrate judge.  As defendant points out, the magistrate judge stated that "[w]hile it may be the case that the Court would nonetheless have discretion in this context to require an award of all of the Plaintiff's fees -- all of the Plaintiff's costs, including fees associated with the litigation of this matter, the Court finds that in this circumstance such an award would not be appropriate."  Tr. at 39:12-17.  The magistrate judge also stated that "in the circumstances of this case such an award is fair and just and proportionate."  Id. at 40:13-15.  The decision, however, does not take into account the mandatory language of Rule 37(b)(2)(C), and does not conclude that an award of expenses using the traditional lodestar method would be "unjust," for example as a result of "other circumstances."  Nor, in the alternative, does it find that defendant has met his burden to show that his discovery violation was "substantially justified."  Fed. R. Civ. P. 37(b)(2)(C).

       The Court concludes that the March 18, 2008 decision to award plaintiff sanctions in the amount $10,000 was clearly erroneous and contrary to law in that it does not follow the mandatory language of Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure.  The Court

therefore will set aside the decision under Local Civil Rule 72.2.  Plaintiff's counsel is directed to file within ten business days a petition seeking fees and expenses, accompanied by time sheets or business records that support the amount sought.  Defendant's counsel may file an opposition no later than ten business days after the filing of the petition.

This matter is remanded to the magistrate judge.  She should make a determination, consistent with Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, of the amount of fees and costs reasonably expended by plaintiff as a result of defendant's conduct.  To the extent that any award granted is less than the amount reached through the lodestar calculation, the magistrate judge should indicate whether and why "the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  June 25, 2008